UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAINAWAY AUSTRALIA PTY LIMITED ACN 151 146 977,<br><br>Plaintiff,<br><br>v.<br><br>NATURES INVESTMENTS HOLDING PTY LTD., dba MaxRelief USA,<br><br>Defendant. | Case No. 15-cv-03276-DMR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

In this false advertisement action, Plaintiff Painaway Australia Pty Limited CAN 151 146 977 ("Painaway") moves the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of default judgment against Defendant Natures Investments Holding Pty Ltd., doing business as MaxRelief USA ("MaxRelief"). [Docket No. 18.] Plaintiff asks for a permanent injunction and an award of attorneys' fees and costs. For the reasons stated below, the court DENIES Plaintiff's motion for default judgment without prejudice.[1]

## I.  BACKGROUND

Plaintiff is an Australian company specializing in a number of arthritis and pain relief products including sprays, creams, and roll-on products sold under the brand name "Painaway."

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendant, (see discussion below regarding efficacy of service), "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in that case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

Compl. ¶¶ 1, 6. Plaintiff's products are manufactured and distributed throughout Australia, and are available in other countries including the United States. Compl. ¶ 6. Plaintiff alleges that it is Australia's market leader for these products and has been for a number of years. Compl. ¶ 6.

Plaintiff asserts that Defendant MaxRelief is also an Australian company that produces a pain relief spray and cream. Compl. ¶ 1. According to Plaintiff, Defendant sells its products in the United States, including New York and Pennsylvania. Compl. ¶¶ 1, 3. Plaintiff alleges that Defendant markets and advertises its MaxRelief products on its website, www.maxrelief.us/, which contains the statement that MaxRelief USA is "Australia's #1 Pain Relief Spray, now available in the USA!". Compl. ¶ 1, Ex. A.[2] Plaintiff asserts that this advertising is false and misleading because MaxRelief is not sold in Australia. Compl. ¶¶ 1, 11. Plaintiff contends that it "will lose sales in the United States and elsewhere as a direct result of the false and misleading claim" made by Defendant about its product. Compl. ¶ 12.

On July 14, 2015, Plaintiff filed this lawsuit asserting a single claim for violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125, alleging that Defendant's false advertising claims constitute false and misleading descriptions of fact in interstate commercial advertising and promotion. Plaintiff seeks a permanent injunction preventing Defendant from advertising and promoting MaxRelief as Australia's #1 Pain Relief Spray, along with "financial compensation" for its injuries, and attorneys' fees and costs.

Plaintiff served Defendant with the summons and complaint by substitute service on July 20, 2015. [Docket No. 10.] Defendant did not file a responsive pleading or otherwise appear. Plaintiff requested entry of default on August 14, 2015 and August 18, 2015, which the clerk declined. [Docket Nos. 11-14.] On August 26, 2015, the clerk entered Defendant's default. [Docket No. 17.] Plaintiff filed the present motion for default judgment on September 11, 2015. The court subsequently ordered Plaintiff to submit supplemental briefing, which Plaintiff timely filed. [Docket Nos. 21, 23.] The court has determined that this matter is suitable for resolution

---

[2] Exhibit A to the complaint, which appears to be a page from Defendant's website, contains a slightly different statement from that alleged in the complaint: "Australia's #1 Pain Relief Spray and Cream Now Available in the USA!"

without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.")

Before assessing the merits of a default judgment, a court must ensure the adequacy of service on the defendant, as well as confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## III. ANALYSIS

Plaintiff served Defendant with the summons and complaint by substitute service at The Postal Chase, 3053 Fillmore Street, San Francisco, CA, on July 20, 2015. [Docket No. 10.] According to Plaintiff, The Postal Chase is a private mail company that provides post office boxes to paying holders. Pl.'s Mot. at ¶ 2. This court must assess whether this constitutes effective

1 service.

2 Under the Federal Rules of Civil Procedure, a domestic or foreign corporation must be
3 served in a judicial district of the United States, and may be served in the manner prescribed for
4 serving individuals under Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A). A defendant may be served by
5 "following state law for serving a summons in an action brought in courts of general jurisdiction
6 in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).
7 In connection with its second revised request for entry of default, Plaintiff asserts that service of
8 the summons and complaint on Defendant complied with California Code of Civil Procedure
9 section 415.20(a), which provides that

> [i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50,[3] a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).

There is no indication that Plaintiff served Defendant "during usual office hours in [Defendant's] office." Therefore, Plaintiff appears to contend that the 3053 Fillmore Street address, which is the location of The Postal Chase, is Defendant's "usual mailing address" for purposes of satisfying section 415.20(a). Plaintiff asserts that it obtained this address from Defendant's website. O'Hara Decl., August 25, 2015 ("O'Hara Decl. I"), ¶ 4, Ex. 1. According to Plaintiff's counsel, the street address at issue appears on a page of Defendant's website that states the following:

---

[3] California Code of Civil Procedure sections 416.10, 416.20, 416.30, 416.40, and 416.50 set forth permissible methods of serving corporations, joint stock companies or associations, unincorporated associations, and public entities.

> We stand behind our products and the promises we make. If you are not satisfied with your purchase from MaxRelief, you can return it for a full refund.
>
> We ask that you send your MaxRelief container to MaxRelief, at:
>
> MaxRelief USA, Inc.
>
> 3053 Fillmore St., Suite 123
>
> San Francisco CA 94123

*See also* O'Hara Decl., October 16, 2015 ("O'Hara Decl. II"), ¶ 15, Ex. 2.

Plaintiff does not describe any other attempts to locate Defendant's "usual mailing address." Plaintiff's agent left a copy of the summons and complaint with the store manager of The Postal Chase, (identified on the proof of service as "John Doe"), informed him of the contents, and mailed a copy of the documents to the same address. [Docket No. 10.]

Plaintiff cites *Hearn v. Howard*, 177 Cal. App. 4th 1193 (2009), in support of its position that service was properly effectuated. In *Hearn*, a legal malpractice action, the plaintiffs attempted to personally serve one of the individual attorney defendants at an address listed on her business letterhead, which matched the address she reported to the California State Bar. *Id*. at 1198. During the first of three attempts at personal service, the process server discovered that a private post office box rental store was located at the address. On the third attempt, the process server left the summons and complaint with the mail clerk in charge and mailed a copy of the documents to the same address. *Id*. The court held that the attempts at personal service at the post office box rental store constituted reasonable diligence and that substitute service was valid pursuant to California Code of Civil Procedure section 415.20(b).[4] *Id*. at 1202-03. Plaintiff argues that the facts of this case are analogous to those in *Hearn*, and cites other similar cases to argue that service was adequately effected here. *See also Ellard v. Conway*, 94 Cal. App. 4th 540, 546-47 (2001) (holding "[t]he plain language of section 415.20, subdivision (b) authorizes

---

[4] California Code of Civil Procedure section 415.20(b) provides that if personal service cannot be effected with reasonable diligence on an individual, the summons and complaint may be left at the defendant's "dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge" of the defendant's office, place of business, or usual mailing address who is at least 18 years old and who is informed of the contents thereof.

5

substitute service at a defendant's usual mailing address, which includes a private/commercial post office box"; noting that defendants "leased the private/commercial post office box and notified the United States Postal Service it was their forwarding address, making it their 'usual mailing address.'"); *Sweeting v. Murat*, 221 Cal. App. 4th 507, 513 (2013) (holding that under section 415.20, "service at a private or commercial post office box is allowed" (citing *Ellard*, 94 Cal. App. 4th at 545-46)).

While *Hearn* and the other cases cited by Plaintiff stand for the principle that substitute service at a private post office box rental store may constitute sufficient service under section 415.20, Plaintiff cites no cases to support its position that the address it used to serve Defendant—an address to which customers may return unsatisfactory MaxRelief products—can reasonably be viewed as Defendant's "usual business address."[5] California's Supreme Court has held that the state's service of process rules should be "liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Pasadena Medi–Ctr. Assocs. v. Superior Court,* 9 Cal.3d 773, 778 (1973). However, unlike *Hearn*, there are no facts that suggest that Defendant has actual knowledge of the lawsuit. The court concludes that a single attempt to serve Defendant at a private post office box address listed on a website for product return does not constitute effective service. Plaintiff's motion for default judgment must be denied on this basis.[6]

---

[5] On August 25, 2015, the court received a document titled "Notice of Erroneous Service," purportedly submitted by "The Occupants" of 3053 Fillmore Street, Box 123, San Francisco, CA [Docket No. 16.] The notice states that the documents related to this case were marked return to sender and that the defendants in this action are unknown to "The Occupants." The notice is signed but illegible and contains the Fillmore address. The effect of this notice is unclear to the court and Plaintiff does not address it.

[6] The court also notes that it is not clear that Plaintiff can establish that Defendant is subject to this court's jurisdiction on this record. Plaintiff contends that this court may exercise specific personal jurisdiction over Defendant. Therefore, Plaintiff must demonstrate that Defendant either "purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California," among other factors. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). To evaluate purposeful direction, the analytical framework that "is most often used in suits sounding in tort," *id.* at 802, the Ninth Circuit uses the three-part "*Calder*-effects" test under which "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (citations omitted). While "maintenance of a passive website

## IV. CONCLUSION

For the foregoing reasons, the court concludes that Plaintiff has failed to establish that service of the summons and complaint on Defendant was properly effected. Accordingly, Plaintiff's motion for default judgment is denied.

**IT IS SO ORDERED**.

Dated: January 26, 2016



_____
DONNA M. RYU
United States Magistrate Judge

---

alone cannot satisfy the express aiming prong . . . operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient to confer personal jurisdiction." *Id*. (citations omitted). Plaintiff argues that Defendant has "maintain[ed] a highly commercial and interactive website" through which California residents may theoretically purchase its products, but does not assert that Defendant has directed advertising specifically to California consumers or that Defendant has made any sales in California. [Docket No. 23 (Suppl. Brief) at 3.] Plaintiff's failure to show that Defendant's online presence was directed towards residents of this state distinguishes this case from those cited by Plaintiff. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109 (C.D. Cal. 2009); *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1077-78 (C.D. Cal. 1999); *Washington v. www.dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048, 1051 (W.D. Wash. 2003); *see also Gucci Am., Inc. v. Wang Huoqing*, C-09-05969 CRB, 2011 WL 31191, at *6 (N.D. Cal. Jan. 3, 2011) ("Personal jurisdiction is appropriate where an entity is conducting business over the internet and has offered for sale and sold its products to forum residents." ).